**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | |
|---|---|
| **MICHAEL HATHAWAY,** *On Behalf of Himself and All Others Similarly Situated,* ) ) ) | |
| **Plaintiffs,** ) | |
| ) | **Case No.:**  5:11CV-121-R |
| **v.** ) | |
| ) | **JURY DEMAND** |
| **SHAWN JONES MASONRY,** ) | |
| ) | |
| **Defendant.** ) | |

**REPRESENTATIVE ACTION COMPLAINT FOR
VIOLATION OF THE FAIR LABOR STANDARDS ACT**

　　**COMES NOW** the Plaintiff, Michael Hathaway, on behalf of himself and all others similarly situated, by and through his undersigned counsel, and states as follows:

## NATURE OF THE COMPLAINT

　　1.　　Plaintiff Michael Hathaway brings this action against Defendant Shawn Jones Masonry for failure to pay its employees for all hours worked, for unpaid overtime compensation, and for related penalties and damages.  Plaintiff alleges, on behalf of himself and all other similarly situated hourly employees of Defendant, that Defendant failed and refused to pay him, and all others similarly situated, straight-time pay for all hours worked and failed and refused to pay him and all other similarly situated hourly employees overtime pay for overtime worked.

　　2.　　Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  Plaintiff seeks injunctive and declaratory relief; straight-time premiums for all hours worked and not compensated; overtime premiums for all overtime work

required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

3.     Defendant's practice and policy is, and for the past three years has been, to willfully fail to compensate Plaintiff and all other similarly situated employees for all hours worked while employed by Defendant and to willfully fail and refuse to pay overtime compensation due and owing to Plaintiff and all other similarly situated employees in violation of the FLSA.  Defendant has instituted and carried out an unlawful policy and practice of refusing to pay all such employees for all time worked and refusing to pay all such employees overtime for all hours worked in the work week over forty, notwithstanding that each hourly employee is entitled to overtime pay under the FLSA.

4.     Currently and for the last three years, Defendant's employees have worked hours for which they have not been paid and have worked overtime hours.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over Plaintiff's claim pursuant to the FLSA, 29 U.S.C. § 201, *et seq*., because it raises a federal question pursuant to 28 U.S.C. § 1331.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Plaintiff in Calloway County, Kentucky, which is located within this judicial district.

## PARTIES

### A.    Plaintiffs

*Named Plaintiff*

7.        Plaintiff Michael Hathaway is a resident of Murray, Calloway County, Kentucky. Defendant employed Plaintiff Hathaway as a laborer from June 2008 until his termination in May 2011.  During his employment with Defendant, Mr. Hathaway regularly worked periods of time for which he was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

8.        At all relevant times, Mr. Hathaway was an employee of Defendant for FLSA purposes.

*Representative Action Members*

9.        The putative members of the representative action are those current and former employees of Defendant who are similarly situated to Mr. Hathaway who were suffered or permitted to work by Defendant and not paid their regular or statutorily required rate of pay for all hours worked as well as those current and former employees of Defendant who are similarly situated to Mr. Hathaway who worked in excess of forty hours in one or more work weeks but were not paid overtime at the statutory rate.

### B.    Defendant

10.      Defendant is an unincorporated company with its principal place of business at 300 CC Lowry Drive, Murray, KY  42071.  Defendant is not registered with the Kentucky Secretary of State's office.  Accordingly, Defendant may be served via its owner, Shawn Jones, at 300 CC Lowry Drive, P.O. Box 773, Murray, KY  42071.

11.     Upon information and belief, Defendant employs or employed the Named Plaintiff and the putative members in the representative action.

## REPRESENTATIVE ACTION ALLEGATIONS

12.     Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant in hourly labor within three years from the commencement of this action who have not been compensated for all hours worked and/or who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

13.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff Michael Hathaway, the Representative Plaintiff, because Mr. Hathaway's claims are similar to the claims of the putative plaintiffs of the representative action.

14.     Mr. Hathaway is similarly situated to the putative plaintiffs working as laborers for Defendant, has substantially similar job requirements and pay provisions, and was subject to Defendant's common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

15.     The names and addresses of the putative members of the representative action are available from Defendant.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## FACTUAL BACKGROUND

16.     Defendant failed or refused to pay its employees for all time worked and for all overtime hours worked.

17.     At all relevant times, Defendant had no written policies governing how it would account for hours employees worked after arriving at Defendant's work facility in preparing and loading equipment for the day then travelling to the worksite or for hours worked in loading the equipment and returning to Defendant's work facility after performing their laborer duties for the day.

18.     Defendant routinely failed to pay its employees for non-commute travel time and other work performed after their work days had commenced at Defendant's work facility.

19.     Management directed and/or was aware of employees engaging in such off-the-clock work.

20.     Management was aware that employees did not get compensated for all time worked.

21.     Further, as a result of this off-the-clock work time, many employees worked in excess of forty hours in various work weeks for which they were not paid overtime at the statutory rate.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

22.     Plaintiff Michael Hathaway, on behalf of himself and all similarly situated employees of Defendant, realleges and incorporates herein the allegations contained in Paragraphs 1 through 21 as if they were set forth fully herein.

23.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.   At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiff and each of the putative members

of the FLSA representative action.  At all times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

24.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

25.     Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA.  Plaintiff and the putative members of the FLSA representative action are entitled to be paid compensation for all hours worked and are entitled to be paid overtime compensation for all overtime hours worked.

25.     As a result of Defendant's failure to compensate its laborers, including Plaintiff and all similarly situated employees, for all hours worked and its failure to compensate them at a rate of not less than one-and-one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

26.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all proposed members of the FLSA representative action, pray for relief as follows:

1.      Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C.

§ 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to 29 U.S.C. § 216(b);

2.      Designation of Plaintiff Michael Hathaway as Representative Plaintiff of the putative members of the FLSA representative action;

3.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4.      An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in the unlawful practice, policy, and pattern set forth herein;

5.      An award of damages, including liquidated damages, to be paid by Defendant pursuant to 29 U.S.C. § 216(b);

6.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b);

7.      Pre-Judgment and Post-Judgment interest, as provided by law; and

8.      Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,


s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
                    TN BPR # 021714

Sullenger Law Office, PLLC
1324 Jefferson Street
Paducah, KY  42001
Voice:  (270) 443-9401
Fax:     (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiffs,*
*Michael Hathaway and All Others*
*Similarly Situated*