UNITED STATES DISTRICT COURT
WESTERN DISTRCICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-121

MICHAEL HATHAWAY                                                                                     PLAINTIFFS

V.

SHAWN JONES MASONRY                                                                           DEFENDANTS

## OPINION AND ORDER

This matter is before the Court upon Defendant Shawn Jones Masonry's Motion for Restraining Order (DN 7). Plaintiff has replied. For the following reasons, Defendant's motion (DN 7) is DENIED.

## BACKGROUND

Plaintiff Hathaway, a former employee of Defendant Shawn Jones Masonry, brought this putative collective action pursuant to Section 16(b) of the Fair Labor Standards Act. 29 U.S.C. § 216(b). Hathaway alleges that he and other similarly situated employees of Shawn Jones Masonry were not compensated for all hours worked and were not compensated at one and one-half times the regular rate of pay for work performed in excess of forty hours per week, in violation of the FLSA. Complaint, DN 1, at ¶ 12. Specifically, he alleges that Defendant failed to pay its employees for "non-commute travel time and other work performed after their work days had commenced at Defendant's work facility." Id. at ¶ 18. Defendant filed this Motion for Restraining Order to prevent Plaintiff or Plaintiff's counsel from soliciting additional plaintiffs to be joined to this action.

## DISCUSSION

Section 216(b) of the FLSA governs collective action to recover unpaid minimum wages and overtime compensation. 29 U.S.C. § 216(b). The FLSA provides that an employee may bring the action on behalf of other employees "similarly situated." *Id*. Unlike class actions under Federal Rule of Civil Procedure 23, FLSA collective actions require potential class members to notify the court of their desire to opt into the action. *See Thomas Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007). The Supreme Court has stated that "district courts may play any role in prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

**1. The Letter Disseminated by Plaintiff Hathaway**

Defendant alleges that Plaintiff Hathaway has been "soliciting" Shawn Jones Masonry's current employees to join this action by dissemination of a letter that "guarantee[s] success." DN 7 at 1. The letter states: "PLEASE BE ADVISED THAT YOU ARE ENTITLED TO MONEY WHICH HAS BEEN ILLEGALLY NOT PAID TO YOU BY SHAWN JONES MASONRY." DN 7-2 at 2. Defendant further alleges that the letter given to employees implies that it was sanctioned by Plaintiff's attorney. The letter states: "A COLLECTIVE ACTION SUIT IS BEING STARTED BY MIKE HATHAWAY AND BEING FILED BY: D. WES SULLENGER, ATTORNEY AT LAW." The letter also contains a copy of Attorney Sullenger's business card.

Defendant asserts that such behavior is in violation of Kentucky Supreme Court Rule 3.130 (7.09), which prohibits a lawyer from directly, or indirectly through another person, soliciting professional employment, and Rule 3.130 (7.15), which prohibits communications likely to create unjustified expectations. Counsel for Plaintiff denied that he authorized or had any

knowledge of the letter disseminated by his client. However, Counsel for Plaintiff agreed that the letter at issue was improper and should not have been issued. Counsel for Plaintiff has also stated that he has directed his client to cease dissemination of this letter, or similar letters. Accordingly, the defendant's motion is moot to the extent it seeks relief concerning the subject letter.

**2. Further Communications to Potential Plaintiffs**

Defendant argues that "Mr. Sullenger should be prohibited from ever soliciting additional Plaintiffs to join this action because of his violation of Kentucky Ethics Rules. In the alternative, Mr. Sullenger should be prohibited from soliciting additional plaintiffs to join to this action pending further orders of the Court regarding whether this action is appropriate for collective action under the [FLSA]." Motion for Restraining Order, DN 7, at 1-2. Plaintiff asserts that Defendant's motion should be denied based on First Amendment rights to communicate with potential witnesses and potential plaintiffs. Plaintiff's Response, DN 9, at 2.

In *Gulf Oil Company v. Bernard*, the Supreme Court recognized that although "[c]lass actions serve an important function in our system of civil justice," they also present "opportunities for abuse." 452 U.S. 89, 99-100 (1981); see Hoffman-La Roche, 493 U.S. at 170-72 (applying *Gulf Oil* to collective actions). Such potential abuses include "heightened susceptibilities of nonparty class members to solicitation amounting to barrantry as well as the increased opportunities of the parties and counsel to 'drum up' participation in the proceeding," and "'[u]napproved communications to class members that misrepresent the status or effect of the pending action.'" *Id*. at 101 at n. 12 (quoting *Waldo v. Lakeshore Estates, Inc*., 433 F. Supp. 782, 790 (E.D. La. 1977)).

Because of these potentials for abuse, "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Id*. at 100.  The Supreme Court directed that "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of parties." *Id*. at 101.  Additionally, such a weighing "should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id*. at 102.

Here, Defendant Shawn Jones Masonry asserts that continued communications to its current employees regarding this FLSA collective action would cause irreparable harm.  Specifically, current employees may believe that the defendant company is not treating them fairly and may quit, leaving Defendant short on employees.  However, Defendant does not offer any evidence that this is a likely result of employees learning about this FLSA action and their right to opt-in.  Plaintiff, on the other hand, asserts that he "will be harmed by any delay in contacting potential witnesses, whose memories will fade over time, and potential plaintiffs whose claims against Defendant are diminished on a daily basis." Plaintiff's Response,, DN 9, at 3.  Additionally, Plaintiff asserts that contact with potential plaintiffs is necessary at this stage in order to meet its burden for conditionally certifying the collective action.

Weighing the need for the limitation and the potential for interference of the rights of the parties, the Court finds that a limitation on communications would be improper at this time.  The rights of the plaintiff to contact and communicate with potential plaintiffs outweighs the need for a prohibition on such communications.  Although the letter disseminated by Plaintiff was admittedly improper and possibly in violation of the Kentucky Rules of Professional Conduct,

Plaintiff has been instructed to cease dissemination of similar communications. There is nothing to indicate that further communications will be improper, misleading, or in violation of the rules. Additionally, there is no specific harm that has resulted from Plaintiff's previous communications that would support the need for limiting communications. Therefore, the Court will not restrict communications between parties and potential plaintiffs at this time. The Court cautions that counsel should be careful to avoid making any false representations or misleading statements in future communications. Counsel should also be mindful of the Rules of Professional Conduct and its directives regarding contact with prospective clients.

## CONCLUSION

For the foregoing reasons, Defendant Shawn Jones Masonry's Motion for Restraining Order is DENIED.